In the Matter of the Claim of ANNA LOVERICH, Respondent, against COLORADO FUEL & IRON CORPORATION-WICKWIRE SPENCER STEEL DIVISION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of benefits in a death case. The decedent had been employed by the appellant employer for many years as a crane operator. On August 5, 1954, he was found with the lower part of his body in the cab of the crane and with his head and shoulders dragging along the cement floor. It appears that he had been dragged about 30 feet in this position and, when his coworkers reached him, his eyes were open, staring upwards, and his lips were moving. He was taken to the plant hospital but he was found to be dead upon arrival there. No autopsy was performed. The only signs of external injury were superficial abrasions of the right ear and scalp and bruises on the shoulder and back. The cause of the decedent's death was a massive coronary thrombosis. About 10 days before his death, the decedent had complained to his family physician of pains in the chest and neck and his condition was diagnosed as coronary atherosclerosis. On the morning of his death, decedent had complained of pains in his chest after arriving at work; he went to the plant hospital where he obtained temporary relief. He returned to his job but shortly thereafter he went outside to the yard, and rested for about 10 minutes, again complaining of

pains in his chest. He again resumed work operating the crane but after a short time was found in the position described above. In its decision, the board relied upon the presumption under section 21 of the Workmen's Compensation Law, that the injury was accidental, and, in its formal findings, found that the decedent "fell partly out of the cab of the crane, which dragged him along the ground with the result that he sustained accidental injuries". The board thus relied upon the theory of an unwitnessed accidental fall in the course of employment. There is no support for this theory in the record. The presumption under section 21 is not applicable when, as here, there is strong evidence that the employee fell for idiopathic reasons unrelated to his work (*Matter of McCormack* v. *National City Bank,* 303 N. Y. 5). The only reasonable conclusion is that the heart attack occurred first and that the decedent fell because of the attack. The question to be resolved is whether the shock of striking the floor and being dragged along it aggravated the effect of the heart attack and contributed to a material extent to the decedent's death. The only evidence on that issue, in favor of the claimant, was speculative and insubstantial. The board made no finding on the issue of aggravation on the premise of an idiopathic fall. Decision and award reversed, and the matter remitted to the board for further proceedings, with costs to the appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.